896 A.2d 1118 (2006)
385 N.J. Super. 200
Ezrina SHIM, Plaintiff-Appellant,
v.
RUTGERSTHE STATE UNIVERSITY OF NEW JERSEY, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued November 2, 2005.
Decided May 2, 2006.
*1119 Justin H. Park, Philadelphia, PA, argued the cause for appellant (Schnader, Harrison, Segal & Lewis, attorneys; Mr. Park, on the brief).
Kathleen A. Walsh, Roseland, argued the cause for respondent (Lowenstein Sandler, attorneys; Gavin J. Rooney, of counsel; Ms. Walsh, on the brief).
Before Judges WEFING, WECKER, and FUENTES.
The opinion of the court was delivered by
FUENTES, J.A.D.
RutgersThe State University of New Jersey ("Rutgers") charges its undergraduate students a lower tuition if they are "domiciled" in New Jersey. Plaintiff Ezrina Shim appeals from Rutgers' determination that she is not domiciled in this State, because she is financially dependent on her parents who reside in Korea. Rutgers reached this conclusion despite the fact that plaintiff: (1) is over the age of eighteen; (2) has resided in this State since 1999; (3) has a license to drive from this State; (4) is registered to vote in this State; (5) has worked and paid taxes in this State; and (6) has attended all four years of high school in this State. With these stipulated facts as the backdrop, the narrow issue to be decided is whether Rutgers' determination, denying plaintiff domiciliary status for tuition purposes, was arbitrary, capricious or unreasonable. Lipman v. RutgersThe State Univ. of N.J., 329 N.J.Super. 433, 437, 443-44, 748 A.2d 142 (App.Div.2000). This question was presented to the Law Division in the context of a declaratory judgment action filed by plaintiff.[1]
We now hold that Rutgers' decision to deny plaintiff in-state tuition treatment was arbitrary, capricious and unreasonable. Rutgers' decision was driven by an erroneous application of the relevant regulatory standard promulgated by the Commission of Higher Education. Under this standard, Rutgers was required to review the documentary evidence presented by plaintiff, to determine whether she successfully rebutted the presumption created by her financial dependence on her out-of-state parents; to wit, that her physical presence in New Jersey was for the temporary purpose of attending an institution of higher education. We thus remand this matter for Rutgers to make this determination.

I
At the time this controversy arose, plaintiff was a nineteen-year-old undergraduate student at Rutgers. Although she was born in the United States, she resided with her parents in Korea for at least four years prior to starting high school. In the summer of 1999, when she was fifteen years old, plaintiff returned to the United States to live with her aunt and uncle in the Township of Mount Laurel. *1120 As a resident of Mount Laurel, plaintiff attended and graduated from Lenape High School located in Medford Township. She has visited her parents in Korea two times since 1999.
In support of her application to Rutgers for in-state tuition treatment, plaintiff submitted a detailed certification describing her activities in and contacts with the State. She also attached supporting documentation, including:
(1) New Jersey driver's license;
(2) New Jersey automobile registration;
(3) Voter registration identification card issued by Burlington County;
(4) Letter from the Marlton branch of Commerce Bank attesting that she has a checking account at this financial institution;
(5) Federal and New Jersey personal income tax returns for 2002;
(6) Records showing payroll tax deductions in connection with employment at a retail store in Cherry Hill;
(7) Records showing payroll tax deductions in connection with employment at the Mount Laurel Township Board of Education in 2003;
(8) Employment records in connection with a second Cherry Hill job in 2003.
All of the records that were provided reflected that plaintiff resided in Mount Laurel.
It is undisputed that plaintiff receives financial support from her parents for educational expenses incurred in connection with her attending Rutgers. This support includes, but is not limited to, the cost of tuition. Plaintiff is thus a dependant student within the meaning of N.J.A.C. 9A:9-2.6. Furthermore, plaintiff does not claim that her aunt and uncle are now, or have ever been, her legal guardians.
After reviewing the documents and information provided, Rutgers rejected plaintiff's request. The reasons for the rejection were succinctly expressed in a letter authored by the University's Associate Vice President for Enrollment Management:
Nor do I see the statute and the regulation as being in conflict. The regulation's rule of imputed domicile for dependent students makes perfect sense. The Commission, in a reasonable exercise of administrative discretion, recognized that most undergraduate students are financially dependent on their parents. Furthermore, the parents are the parties who pay taxes that fund state universities. Thus, pursuant to the applicable regulations, the residence of the parents of an undergraduate student dictates the tuition status, not the residence of the student. If this rule did not apply, the funding for the state universities would be at risk, because students would be able to pay in-state tuitions while their parents do not pay taxes in New Jersey. This would create an incentive for out-of-state applicants to establish an address in New Jersey solely to obtain in-state tuition status while their parents avoid paying the New Jersey taxes that support the university. Moreover, a student who remains financially dependent upon his or her parents has not truly severed the bonds which connect that student to the parents' home, and if these bonds continue to exist the student cannot establish a domicile in New Jersey.

The presumption that a dependent student's residency status derives from her parents may be overcome if the student has special and unusual family circumstances that have resulted in a condition of financial independence. Despite prompting, you have neither provided the required disclosure regarding *1121 parental financial assistance nor sought to declare yourself independent. This leads me to believe that you would be unable to declare yourself independent. In your appeal, you essentially suggest that the documentary evidence of your residence in New Jersey establishes your domicile. However, since you have not requested and received approval for independent status, it is my conclusion that your residency is derived from your parents and they have not established a domicile in this State.
[Emphasis added.]
It is well-settled that an administrative agency's "interpretation of the operative law is entitled to prevail, so long as it is not plainly unreasonable." Metromedia, Inc. v. Director, Div. of Taxation, 97 N.J. 313, 327, 478 A.2d 742 (1984). Our traditional deference to an administrative agency's decision is not applicable, however, "[w]hen an agency's decision is manifestly mistaken." L.M. v. Div. of Med. Assistance & Health Servs., 140 N.J. 480, 490, 659 A.2d 450 (1995) (quoting P.F. v. New Jersey Div. of Developmental Disabilities, 139 N.J. 522, 530, 656 A.2d 1 (1994)). Our dissenting colleague would affirm Rutgers' decision largely on the basis of plaintiff's failure to provide timely information in support of her application, and the conclusion that Rutgers' decision therefore cannot be said to have been arbitrary, capricious, or unreasonable. We view the issue instead as Rutgers' misapplication of the controlling statute and regulations, and therefore decline to apply the deferential standard of review.

II
Pursuant to N.J.S.A. 18A:62-4, a person is presumed to be domiciled in this State for purposes of being eligible for in-state tuition treatment, if he/she has "been [a] resident within this State for a period of 12 months." Under this statute, however, a person is not considered to be domiciled in this State, if residence was established for the sole purpose of attending a particular educational institution. Ibid. If the educational institution challenges the student's domiciliary status, he/she may "demonstrate" domiciliary status in accordance with regulations promulgated by the Commission on Higher Education. Ibid.
In Lipman, we examined the question of a law student's domicile, in the context of his request for in-state tuition treatment, despite the fact that he had relocated to Pennsylvania. The plaintiff in Lipman argued that he should have been considered to be domiciled in New Jersey, because he was financially dependent on his parents, who were residents of this State. Lipman, supra, 329 N.J.Super. at 438, 748 A.2d 142. In the process of analyzing the issue, we reaffirmed that, under the common law:
A person's domicile is a permanent home from which he or she does not intend to move. Three elements may be considered when determining whether a change of domicile has occurred: (1) whether there has been an actual and physical establishment of an abode in a particular state; (2) whether the subject intends to make a home permanently or at least indefinitely in that state; and (3) whether the subject intends to abandon his or her previous domicile. Once established, a person's domicile continues until superseded by a new domicile. Furthermore, "[t]he intention to make a new home must be unqualified [and] not conditioned on the happening of a future event."
[Id. at 444, 748 A.2d 142 (citations omitted).]
In this context, we affirmed Rutgers' decision to deny Lipman's application for in-state tuition treatment because, as a *1122 graduate student subject to the provisions of N.J.A.C. 9A:9-2.6(a)1, -(b)3 Rutgers was required to determine his domicile "unburdened by any imputation from his parents." Ibid.
We are confronted here with an inverse Lipman scenario. Pursuant to N.J.A.C. 9A:5-1.1(f), undergraduate students who are financially dependent on their parents:
are presumed to be domiciled in the state in which their parent(s) or legal guardian(s) is domiciled. Dependent students whose parent(s) or legal guardian(s) is not domiciled in New Jersey are presumed to be in the State for the temporary purpose of obtaining an education and presumed not to be domiciled in New Jersey.
This regulation expands upon the language in N.J.S.A. 18A:62-4, (considering an individual who establishes a residence in this State for the sole purpose of attending a particular institution not to be domiciled in this State), by creating a presumption that a financially dependent student, whose parents reside outside of this State, is here "for the temporary purpose of obtaining an education."
A student subject to this presumption may "demonstrate," under N.J.A.C. 9A:5-1.1(d), that he/she is domiciled in this State by presenting the following documentary evidence:
[P]rimary evidence of being domiciled in New Jersey [consists of]:
1. Copies of the student's New Jersey income tax return or evidence of withholding of New Jersey income tax, and/or copies of the parent's(s') or legal guardian's(s') income tax return or evidence of withholding of income tax.
2. Evidence of ownership of or a long-term lease on a permanent residence in this State by the student or the student's parent(s) or legal guardian(s).
[N.J.A.C. 9A:5-1.2(a).]
The regulation also provides for the submission of "supplementary evidence," in the form of:
1. A New Jersey driver's license;
2. A New Jersey motor vehicle registration;
3. A New Jersey voter registration card;
4. A sworn, notarized statement from the student and/or his or her parent(s) or legal guardian(s) declaring domicile in New Jersey;
5. Any other supplementary evidence that the institution deems necessary to support the student's claim of domicile in New Jersey, including, but not limited to, evidence regarding the domicile of a student's parent(s) or legal guardian(s) for students whose domicile is determined by the institution to be with their parent(s) or legal guardian(s).

[N.J.A.C. 9A:5-1.2(b).][2]
The record here clearly shows that Rutgers did not evaluate this evidence to determine whether plaintiff successfully demonstrated that her decision to relocate from Korea to New Jersey in 1999 was not for the sole purpose of attending Rutgers. Instead, Rutgers' determination that plaintiff was not domiciled in this State was exclusively based on the erroneous legal conclusion that the only way for plaintiff to establish domiciliary status for in-state tuition treatment, was to prove that she was financially independent from her parents.
*1123 Under these circumstances, we are compelled to reverse the judgment of the Law Division, and remand this matter to Rutgers to reevaluate its decision denying plaintiff's request for in-state tuition, in light of the regulatory standards outlined in N.J.A.C. 9A:5-1.1(d) and N.J.A.C. 9A:5-1.2(a) and (b). That is, Rutgers must review plaintiff's primary evidence of her domiciliary status in this State, in the form of her personal New Jersey income tax returns, and secondary evidence, in the form of numerous documents attesting to her significant and long-standing ties with New Jersey, to determine whether she has successfully rebutted the presumption of non-domiciliary status created by her financial dependency on her out-of-state parents.
In going about this analysis, Rutgers should also be guided by the common law principles we discussed in Lipman. That is, Rutgers should consider whether plaintiff, by relocating from Korea to New Jersey: (1) established an abode in this State; (2) intended to make a home permanently or at least indefinitely in this State; (3) intended to abandon her previous domicile; and (4) intended to make New Jersey her new home, without any qualification and unconditioned on the happening of a future event.
Reversed and remanded. We do not retain jurisdiction.
WEFING, P.J.A.D., dissenting.
My colleagues have concluded that the trial court erred when it upheld the decision of defendant RutgersThe State University of New Jersey to deny plaintiff the benefit of the lower tuition rate charged to individuals who reside in this state, and they have remanded the matter for further proceedings. Because I am unable to agree, I dissent.
Plaintiff was born November 5, 1984, in Pennsylvania. She is a United States citizen and, under the laws of the Republic of Korea, the country of her parents' citizenship, a citizen of Korea as well. The record does not disclose the nature of her father's employment, but she has resided with her parents at various locations, including the Republic of South Africa and the Republic of Korea.
Ms. Shim resided with her parents in Korea for four years, commencing in 1995. In 1999, she returned to the United States and resided with her aunt and uncle in Mount Laurel, New Jersey. There is nothing in the record which would support an inference that this move was prompted by any discord between Ms. Shim and her parents. She has visited with her parents twice since moving here. The first visit was an extended stay in the summer of 2000; the second visit was for several weeks in August 2002.
Ms. Shim attended four years of high school in New Jersey and graduated from high school here. She applied to and was admitted as an undergraduate student at Rutgers.
The chronology and details of plaintiff's efforts to obtain an in-state tuition rate are significant. Plaintiff stated on her application form that she was a resident of New Jersey, and she sought tuition as such. Rutgers, in connection with her admission for the Fall 2003 semester, sent her in March 2003 a Residency Analysis Form for completion so that it could make a determination as to her status. In addition, she was asked to supply a certified copy of her New Jersey Resident Income Tax Return, a copy of her New Jersey driver's license and a copy of the lease or deed for her home in New Jersey. Rutgers also asked whether she had a court-appointed legal guardian.
*1124 Plaintiff did not respond. After three months had passed and Rutgers had still not received the completed form, it sent a reminder to her in June 2003. Rutgers heard nothing further until August 2003 when it received a letter from the youth pastor of the church in Philadelphia that plaintiff attended. Rutgers wrote to plaintiff, explaining that this letter was insufficient to demonstrate that she was domiciled in New Jersey. The letter asked whether plaintiff's aunt and uncle had ever been declared her legal guardians and again requested that she complete and submit the Residency Analysis Form.
Again, plaintiff did not respond. Plaintiff did not file the necessary form until November 2003, eight months after she had been initially requested to do so, and two months after the start of the semester. Even then, she did not complete the entire form and refused to answer the sections requesting information about her parents' residence, their tax filings, and the nature of the support they provided to her. Rather, she submitted various information about her acculturation to New Jersey and thirteen pages of legal argument. Indeed, to date, she has not provided any of the requested information about her parents' financial affairs and the financial relationship between her parents and herself. With that November submission, plaintiff noted that she was registered to vote in New Jersey, held a New Jersey driver's license, drove a car registered in New Jersey and had a New Jersey bank account. She also noted that she had held several part-time jobs and that her tax returns reflected a New Jersey address. She supplied a copy of her 2002 tax return. On that return, she declared gross earnings of $909.20. She also supplied pay stubs for the job she held in 2002; from those pay stubs, it is apparent that Ms. Shim in 2002 earned well under $2,000. It is clear that at the time she enrolled in Rutgers, she was unable to support herself.
My colleagues conclude that Rutgers erred by focusing on plaintiff's financial dependence upon her parents to determine that she had not rebutted the presumption that plaintiff's domicile was in Korea, with her parents. I view the issue before us through a different lens: in my judgment, the question is whether the trial court correctly concluded that Rutgers had not acted arbitrarily, capriciously and unreasonably when, after reviewing plaintiff's submissions, it determined that she had not successfully rebutted that presumption.
The extent of plaintiff's high school activities, and her adjustment to American culture and mores, all attested to in the supporting letters she submitted, are not particularly relevant to the question of her domicile. Legally, until plaintiff attained the age of eighteen, her domicile was with her parents in Korea. Somerville Bd. of Educ. v. Manville Bd. of Educ., 332 N.J.Super. 6, 12, 752 A.2d 793 (App.Div. 2000) aff'd, 167 N.J. 55, 768 A.2d 779 (2001) ("A child's domicile is normally that of his or her parents"); Restatement (Second) of Conflict of Laws § 22, comment a (1971) ("An unemancipated child lacks capacity to acquire a domicile of choice").
Based upon plaintiff's submissions, I cannot consider the University's determination that plaintiff was not emancipated from her parents and thus continued to share their domicile to be arbitrary, capricious and unreasonable. I would, therefore, affirm the decision of the trial court granting summary judgment to Rutgers.
NOTES
[1] Because neither party has raised this issue, we do not address whether this matter should have originated in the Appellate Division, as a direct appeal from a final decision of a State agency. R. 2:2-3(a)(2); Lipman, supra, 329 N.J.Super. at 446, 748 A.2d 142.
[2] N.J.A.C. 9A:5-1.2(c) provides that "[i]f primary evidence of domicile is not available due to the loss or destruction of records or other unusual circumstances, the institution may make a determination based exclusively on supplementary evidence."